**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karoly Quintana,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bank of America, Countrywide Home Loans Inc., Countrywide Financial Corp., Mortgage Electronic Registration Systems,<br><br>　　　　Defendants. | No. CV 11-2301-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's emergency motion to reopen the case and motion for preliminary injunction. This case arises out of a Trustee's attempt to sell Plaintiff's house at a Trustee Sale due to her failure to pay her mortgage. In this Order, the Court will address the motion to reopen.

Plaintiff bases the motion to reopen on Federal Rule of Civil Procedure 60(b). "Rule 60(b)(3) allows a court, on motion and just terms, to relieve a party [] from a final judgment [] for the following reasons: fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *U.S. v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (internal quotations omitted). Here, Plaintiff claims that defense counsel misrepresented the facts to Plaintiff and thereby committed fraud.

Specifically, Plaintiff claims that she filed this lawsuit on November 21, 2011. On March 25, 2012, before Plaintiff accomplished service of process, Plaintiff approached

1 Defendant about reopening Plaintiff's loan modification. Doc. 13 at 2. On March 27, 2012,
2 Defendant asked Plaintiff if she would dismiss this lawsuit, without prejudice, if Defendant
3 Bank of America would reopen the loan modification process on the house. *Id*. Based on
4 this agreement, on April 6, 2012, Plaintiff dismissed this case without prejudice. *Id*. at 2-3.

5 Plaintiff claims that in June 2012, Plaintiff submitted her modification paperwork, via
6 her attorney, to counsel for Defendant Bank of America. *Id*. at 3. Plaintiff claims that she
7 was instructed to submit this paperwork to counsel for Bank of America, rather than to Bank
8 of America itself. *Id*. Plaintiff called Bank of America repeatedly over the next several
9 months and was advised that her modification paperwork had not yet been received by the
10 Bank. *Id*.

11 On August 11, 2012, Plaintiff learned that Bank of America had transferred her note
12 to Deutsche Bank National Association. *Id*. at 3. Plaintiff further learned that Bank of
13 America made this transfer on April 4, 2012, two days before Plaintiff dismissed this lawsuit
14 in exchange for Defendant Bank of America reopening her loan modification process. *Id*. at
15 4. Thus, Plaintiff alleges that defense counsel induced her into the settlement by fraud which
16 justifies reopening this case under Rule 60(b).

17 The Court ordered Defendants, including Bank of America, to respond to the motion
18 to reopen and cautioned that a failure to respond would be deemed consent to the motion
19 being granted under Local Rule Civil 7.2(i). Doc. 15. Defendants responded with the
20 following argument (quoted in its entirety):

21 > Plaintiff's Motion to Reopen pursuant to Fed. R. Civ. P 60(b) is poorly taken. Plaintiff first filed this action 16 months ago and she failed to serve any defendant with a summons and complaint. Indeed, before Plaintiff voluntarily dismissed this case last year, the Court on March 23, 2012 ordered Plaintiff to show cause why the case should not be dismissed for failing to serve Defendants within the time allowed by Federal Rule 4(m). [Doc. 7] The deficiency in service remains to this day, and precludes simply reopening the case. If Plaintiff wishes to continue this litigation, Plaintiff must at the very least serve Defendants properly under the rules.

26 Doc. 16 at 2.

27 Defendants have accurately pointed out that for this case to proceed Plaintiff must
28 accomplish service. However, Defendants have made no argument on the merits opposing

- 2 -

relief under Rule 60(b). Thus, the Court will grant the motion as unopposed under Local Rule Civil 7.2(i), but the Court will require service under Rule 4.

Alternatively, because Defendants did not respond on the merits, Plaintiff's facts are now undisputed for purposes of this motion. On this record, the Court finds that defense counsel agreeing to a settlement to reopen a modification process on a loan that no longer belonged to his client would be a fraud, misrepresentation, or misconduct by an opposing party that justifies Rule 60(b) relief.

Accordingly,

**IT IS ORDERED** that the motion to reopen (Doc. 13) is granted; the Clerk of the Court shall reopen this case.

**IT IS FURTHER ORDERED** that Plaintiff shall complete service within 20 days of this Order.

DATED this 27th day of March, 2013.

James A. Teilborg
Senior United States District Judge