**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Karoly Quintana,<br><br>                        Plaintiff,<br><br>vs.<br><br>Bank of America, Countrywide Home Loans Inc., Countrywide Financial Corp., Mortgage Electronic Registration Systems,<br><br>                        Defendants. | No. CV 11-2301-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for preliminary injunction to stop a Trustee Sale of her house scheduled for Tuesday, April 2, 2013. Plaintiff basis this motion is that she was the victim of fraud in her attempted loan modification process. Defendants[1] have opposed the motion.

**I.     Motion for Preliminary Injunction**

A plaintiff seeking a preliminary injunction must establish that:

[1] he is likely to succeed on the merits,

---

[1] For purposes of the analysis of the motion for preliminary injunction, the Court has used Defendants to mean: (1) Bank of America, as successor in interest to BAC Home Loans Servicing; (2) Bank of America; (3) Countrywide Home Loans, Inc. (4) Countrywide Financial Corporation; (4) Mortgage Electronic Registration Systems, Inc.; and (5) Deutsche Bank National Trust Company, as Trustee for the Holders of the Harborview 2006-5 Trust. Deutsche is not named in the Complaint; however, in the motion for preliminary injunction, Plaintiff now claims that Deutsche now owns the note on Plaintiff's house. Defense counsel filed a response on behalf of all of these Defendants.

[2] he is likely to suffer irreparable harm in the absence of preliminary relief,
[3] the balance of equities tips in his favor, and
[4] an injunction is in the public interest.

*American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008)).

If Plaintiff fails to meet the standard to qualify for a preliminary injunction applying the *Winter* factors, then the Court must use the following alternative formulation to see if Plaintiff can meet prongs 1 and 3:

> "A preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor. .... Of course, plaintiffs must also satisfy the other *Winter* factors."

*Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

### A.     Fraud Related to Initial Modification Request

Plaintiff alleges (in her request for a preliminary injunction, not in her complaint), that Defendant Bank of America misrepresented to her that she needed to be 90 days late on her mortgage payments to qualify for a loan modification. Doc. 14 at 2.[2] Plaintiff further claims that in reliance on this representation, she intentionally fell three months behind on her mortgage payments even though at that time she had the ability to pay. *Id.*

In Arizona, a fraud claim requires proof of nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth;

---

[2] In her motion for Preliminary Injunction, Plaintiff states, "Plaintiff filed suit in State court and alleged among other things, that Bank of America committed fraud when they told her she had to stop paying to get into a modification program." Doc. 14 at 2. The Court has reviewed the complaint, and finds no support for this statement; i.e. the Court cannot find any allegation of fraud in the complaint. *See* Doc. 1-1 at 8-13. Instead, it appears Plaintiff's sole cause of action is based on a theory of a defective assignment of the note and/or deed of trust. *Id.* The Court notes that Plaintiff's memorandum of points and authorities filed in state court in support of her original application for a temporary restraining order mentioned the Arizona Consumer Fraud Act. Doc. 1-1 at 57. Procedurally, the Court is unclear that it can base a preliminary injunction on factual allegations and legal causes of action found only in a motion for preliminary injunction and not in the complaint.

- 2 -

1 (5) the speaker's intent that it be acted upon by the recipient in a manner reasonably
2 contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's
3 reliance on the truth of the representation; (8) the right to rely on it; and (9) consequent and
4 proximate injury. *Echols v. Beauty Built Homes, Inc.,* 647 P.2d 629, 631 (1982).

Here, Plaintiff alleges that she is likely to succeed on the merits because:

> (1) Bank of America represented to Plaintiff ... that she had to stop paying her mortgage for 90 days in order to enter into a modification program ...; (2) [the] representation w[as] false because homeowners did not have to stop paying their mortgages for 90 days to qualify for any government modification program and Bank of American had no intention of allowing Plaintiff to modify her existing loan; (3) the[] misrepresentation[] w[as] material because [it was] the but-for cause of Plaintiff failing behind on her payments ...; (4) Bank of America knew the statements that a person had to stop paying for 90 days were false because they knew it was not a government policy and they did not have an internal written policy that supported any request for the homeowner to stop payment for 90 days to qualify for a loan modification; (5) Bank of America['s] statements were made with the intent to induce Plaintiff to stop paying her mortgage and to have her fall behind in a manner in which it would be almost impossible to catch up and/or bring her payments current and Bank of America never intended to allow Plaintiff to enter into a loan modification program; (6) Plaintiff had no way of knowing that [] there was no Bank of America policy that guaranteed if one stops paying for 90 days, they would qualify for a loan modification ...; (7) Plaintiff relied on Bank of America's statements to her detriment when she stopped paying for 90 days ...; (8) Plaintiff had a right to rely on Bank of America's statements because the house was hers and in her name ...; (9) if it were not for Bank of America's fraudulent actions and misstatements, Plaintiff would never have stopped paying her mortgage and would not have destroyed her credit rating in an attempt to modify her loan ... .

Doc. 14 at 3-4.

Defendants respond and argue:

> Plaintiff (at 2) bases the Motion on a claim for "fraud," but fraud is a claim seeking monetary damages for which equitable relief should not be granted. Even assuming that Plaintiff has a strong likelihood of succeeding on that claim, recovering monetary damages for fraud would not be cause to prevent Defendants from enforcing their contractual rights and selling collateral at a trustee's sale.

Doc. 16 at 3.

Thus, Defendants' primary argument is that because fraud is remediable by money damages it cannot form the basis for equitable relief. The Court agrees that any claim remediable by money damages cannot be the basis for equitable relief. *See Stanley v. Univ. of Calif.*, 13 F.3d 1313, 1320-21 (9th Cir.1994) (to obtain a preliminary injunction the moving

- 3 -

1 party must demonstrate that her remedy at law was inadequate and to the extent she is
2 seeking money damages, her remedy at law is adequate).  However, the claim in this case is
3 a hybrid because, while Defendants are correct that generally fraud can by remedied by
4 money damages, under Arizona law Plaintiff's fraud claim will be barred if this Court does
5 not grant an injunction.

6 Specifically, in *Madison v. Groseth*, 279 P.3d 633, 638 ¶15 (Ariz. App. 2012), the
7 Arizona Court of Appeals held that failing to obtain an injunction prior to the Trustee's sale
8 "waives all defenses and objections to the sale."  In *Madison*, the plaintiff was bringing
9 various tort claims after the Trustee sale of her house.  *Id*.  In applying the waiver provision
10 of A.R.S. § 33-811(c), the Arizona Court of Appeals stated, "In sum, because Madison's tort
11 claims depend on her objections to the validity of the trustee's sale, and she has waived those
12 objections, her tort claims cannot survive as a matter of law."  *Id.*

13 Reading *Madison*, it appears that while Plaintiff's fraud claim might be remediable
14 by money damages, it will be waived and barred if this Court does not grant equitable relief
15 to preserve the claim.  Based on Plaintiff's arguments, there are serious questions going to
16 the merits as to whether she states a tort claim for fraud, and the balance of equities tips
17 sharply in her favor because her claim will be waived if this Court does not grant an
18 injunction.  Thus, Plaintiff meets prongs one and three of *Winter* using the *Alliance for the*
19 *Rockies* test.

20 Next, Plaintiff meets prong two of *Winter*; specifically, she is likely to suffer
21 irreparable harm.  In this case, if an injunction is not granted, Plaintiff will be barred from
22 litigating her case on the merits because her fraud claim will be waived.

23 Finally, "[i]n cases where the public interest is involved, the district court must also
24 examine whether the public interest favors the plaintiff."  *Fund for Animals, Inc. v. Lujan,*
25 962 F.2d 1391, 1400 (9th Cir.1992) (citing *Caribbean Marine Servs., Co. v. Baldrige,* 844
26 F.2d 668, 674 (9th Cir.1988)).  In this case, the Court does not see that the public interest is
27 clearly implicated by granting or denying the preliminary injunction.  However, the Ninth
28 Circuit Court of Appeals has identified a public policy in litigation that favors resolution of

cases on their merits. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Granting the preliminary injunction in this case to prevent Plaintiff's claim(s) from being waived by a Trustee sale furthers the public policy of allowing this case to be resolved on its merits.

Because Plaintiff has met the relevant three prongs for granting a preliminary injunction, the Court will grant the motion in this case. However, the Court must also consider the appropriate bond amount, and the status of the complaint.

### B. Fraud in the Settlement Process

Plaintiff also argues that Defendant committed fraud in the settlement process. The Court has recounted these allegations in a prior order. *See* Doc. 17 at 1-2. For purposes of the motion for preliminary injunction, the Court has not considered these allegations.

## II. Amended Complaint

As the Court noted in footnote 2, the Court has concerns about whether the Court can grant injunctive relief based on a theory that is not pleaded in the complaint. Thus, for this injunction to take effect, Plaintiff will be required to file an amended complaint, by 8:00 a.m. Tuesday, April 2, 2013, to include the facts and counts on which she premises her motion for preliminary injunction. If Plaintiff fails to file an amended complaint by this deadline, the injunction will dissolve without further order of this Court.

## III. Bond

Defendants seek a bond of all of Plaintiff's back payments, plus current monthly payments. In other words, Defendants argue that the only appropriate bond would be to make Plaintiff come completely current on her note.

However, Arizona applies a different test. Specifically, in eviction actions, the Arizona Rules of Procedure for Eviction Actions states that when an appeal is taken from justice court to superior court:

> If the appellant wants to remain in possession of the premises while the appeal is pending, the appellant must pay to the clerk of the court any rent due apart from amounts included in the judgment and continue paying to the clerk additional rent as it becomes due during the appeal. Failure of the appellant to pay any rent due as it accrues is cause for the appellee to seek an order allowing it to enforce a writ of restitution, but shall not be cause for the dismissal of the appeal. In this event, the appeal will proceed despite the

1 appellant's loss of possession of the premises while it is pending.

2 Arizona Rules of Procedure for Eviction Actions, Rule 17b.(2).

3 Thus, this Court finds that monthly fair market value rent to be a reasonable bond amount. Accordingly, Plaintiff will be required to post a bond in the amount of $2,600.00[3] by 8:15 a.m., Tuesday, April 2, 2013. If Plaintiff fails to post the bond, this injunction will not go into effect. Further, on the 2nd of each month thereafter (or the following Monday, if the 2nd falls on a weekend or holiday) Plaintiff must again post this amount. If Plaintiff fails in any subsequent month to post the bond, Defendants may move to dissolve the injunction.

**IV.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 14) is granted conditioned on: 1) Plaintiff filing an amended complaint by 8:00 a.m., Tuesday, April 2, 2013; and 2) Plaintiff posting a bond with the Clerk of the Court in the amount of $2,600.00 by 8:15 a.m., Tuesday, April 2, 2013.

/ / /

/ / /

/ / /

---

[3] At the request of the Court, at oral argument both parties proposed a bond amount. (Defendants requested the monthly mortgage payment of $7.500.00 as a monthly bond amount; but acknowledged that the Court was seeking a monthly fair market value rent amount.) First, Plaintiff proposed a nominal bond of $1,000.00 per month. Alternatively, Plaintiff presented rental comparables ("comps") for properties in Plaintiff's area ranging from $2,600.00 per month to $8,000.00 per month. Defendants orally said they had evidence of a monthly fair market value rent of $4,200.00. Defendants handed evidence to the Court of a monthly fair market value rent of $4,696.00. Defendants opined that the $4,200.00 figure might be up to 20% inaccurate in either direction. Both attorneys conceded that given the time between the Court's order and the hearing, they did not have as much as they would have liked to address this issue.

The Court rejects Plaintiff's request for a nominal bond. The Court has set the bond at the monthly fair market value rent of the lowest comp presented to the Court. However, Defendants may move to increase the bond amount if they have evidence to support such a motion.

1 **IT IS FURTHER ORDERED** that Plaintiff shall post another bond in the same amount on the 2nd of each month thereafter (or the following Monday, if the 2nd falls on a weekend or holiday); failing which, Defendants may move to dissolve the injunction.

DATED this 1st day of April, 2013.

_____
James A. Teilborg
Senior United States District Judge