**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Karoly Quintana,

Plaintiff,

vs.

Bank of America, Countrywide Home Loans Inc., Countrywide Financial Corp., Mortgage Electronic Registration Systems,

Defendants.

No. CV 11-2301-PHX-JAT

**ORDER**

This case arose when someone authorized a Trustee sale on Plaintiff's residence. Prior to this attempted Trustee sale, Plaintiff alleges as follows. In April 2009, Plaintiff inquired with BAC Home Loans Servicing LP about applying to modify her loan.[1] The bank representative advised Plaintiff that she was required to miss three months payments to qualify for a loan modification. Plaintiff missed three months payments. Plaintiff applied for a loan modification.

While Plaintiff's application was pending, the bank accelerated Plaintiff's loan. MERS filed a substitution of Trustee appointing Recontrust, N.A. as the Trustee on Plaintiff's Deed of Trust. On July 31, 2009, Recontrust, N.A. filed a notice of Trustee sale.

---

[1] At this point, it is undisputed that Bank of America, N.A., is the successor by merger to BAC Home Loans Serving LP.

It is unclear who actually owned the note on Plaintiff's home at the time she was attempting to obtain the modification. However, in the reply to the motion to dismiss, Defendants state: "Pleadings on file in this Court, including a declaration from a bank employee, unequivocally demonstrate that BANA[2] remains the servicer of Plaintiff's loan with the authority to consider modification applications and to negotiate a settlement of the case." Doc. 38 at 3. The Reply further states that after April 2012 the beneficial interest in the Deed of Trust was transferred by MERS to Deutsche Bank. *Id*. It is unclear whether Deutsche Bank retains such interest as of today.

Plaintiff filed this lawsuit in October 2011. In March 2012, the parties stipulated to dismiss this lawsuit while Plaintiff was considered for a new loan modification. Plaintiff then submitted a loan modification application, which Plaintiff alleges was intentionally lost by Bank of America, N.A., and never considered by Bank of America, N.A.

In December 2012, Recontrust, N.A. sent a notice of Trustee sale to Plaintiff on behalf of Deutsche Bank. In March 2013, Plaintiff moved to reopen this case and the Court granted the motion. The Court later granted a preliminary injunction to stop the Trustee sale of the residence. On April 2, 2013, Plaintiff filed an amended complaint. Now pending is Defendants' motion to dismiss the amended complaint and Defendants' motion for clarification.

## I. Motion to Dismiss

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and

[2] Although the reply never defines this acronym, the Court is confident it means Bank of America, N.A.

plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. n.3 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, claims of fraud must be plead with particularity under Federal Rule of Civil Procedure 9(b).

> Pursuant to Fed.R.Civ.P. 9(b), "in order for a complaint to allege fraud with the requisite particularity, 'a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'" [footnote omitted] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 [9th Cir. 1999] (quoting *In re GlenFed*, 42 F.3d at 1548 [9th Cir. 1994]).

*Williamson v. Allstate Insurance Co.*, 204 F.R.D. 641, 644-45 (D. Ariz. 2001).

**A. Count 1: Fraud**

**1. 2009 Fraud**

Plaintiff claims Defendant Bank of America, N.A as successor through merger to BAC Home Loans Servicing LP (hereinafter BofA) committed fraud against her in 2009 when it (through its agents) advised her to miss three months of payments on her home loan. Plaintiff claims this was fraud because BofA never intended to consider her for a loan modification, and instead induced her to default on her loan, which caused her harm, including the acceleration of her debt to the point that she now cannot come current on the loan.

To plead a claim for fraud, Plaintiff must claim that: defendant made a false, material misrepresentation that he knew was false or was ignorant of its truth, with the intention that plaintiff would act on it in a manner that was reasonably contemplated, that plaintiff was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damage. *Haisch v. Allstate Inc. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000).

Here, Plaintiff claims that Defendant's agent advised her to miss three months payments on her house to be considered for a mortgage modification. She said that this statement was false because Defendant never intended to consider her for a mortgage modification. Further, Plaintiff was induced to miss the three months of payments, which was foreseeable. Plaintiff did not know she would not be considered for the modification and relied on the advice of Defendant's agent.

Finally, Plaintiff claims she suffered the damage of not receiving a modification and also not being able to come current on her house payments. Defendant argues that Plaintiff was not damaged because, due to the size of her loan she was never eligible for a modification. However, the Ninth Circuit Court of Appeals has instructed this Court that this type of defense, "presents a factual dispute that cannot be resolved [at the motion to dismiss stage]." *Corvello v. Wells Fargo*, 728 F.3d 878, 885 (9th Cir. 2013) (citation omitted). Further, even if Plaintiff was ineligible for the modification, she has alleged that she received

notice that, as a consequence of her missing three payments, her note had been accelerated. Therefore, she would have been responsible immediately for the full amount of the note plus any late fees and penalties, and that she could not make such a payment. This is a sufficient allegations of harm to survive a motion to dismiss. Finally, Plaintiff claims that her credit rating was damaged by Defendant's actions. The Court finds this too is a sufficient allegation of injury to survive a motion to dismiss.

Accordingly, Defendant's motion to dismiss the 2009 fraud allegation will be denied.

**2. 2012 Fraud**

Next Plaintiff claims that Defendant fraudulently induced her into settling this lawsuit in 2012. More specifically, Plaintiff claims that Defendant, though counsel, agreed to considering her for a loan modification if she dismissed her suit; but in reality Defendant never intended to consider her modification request, and in fact did not consider it.

In *Thompson, v. Paul*, 657 F.Supp.2d 1113, 1118-23 (D. Ariz. 2009), the Court discussed extensively the cause of action against opposing counsel when there is a fraudulent inducement to settle. The Court finds the test against the client, on whose behalf the lawyer is acting, would be the same.

For purposes of the motion to dismiss, Defendant BofA does not dispute that it agreed to consider Plaintiff's request for a modification but did not ever actually consider it. Instead, Defendant argues that BofA was the correct party to consider the request, despite Plaintiff's allegations to the contrary, and that Plaintiff did not ultimately suffer any harm. Plaintiff argues that she has had to incur attorneys' fees to reopen this case. Defendant persists that Plaintiff did not suffer harm because any attorneys' fees incurred are not a "harm" because attorneys' fees for fraud causes of action are not recoverable.

Whether attorneys' are recoverable in a tort action is a far more complex question than Defendant suggests. *See generally*, *Merchant Trans. Sys., Inc. v. Nelcela, Inc.*, 2010 WL 1336956 (D. Ariz. March 31, 2010).

> As a general rule, attorney's fees are not permitted in cases arising out of tort. An exception exists, however, where the tort claim arises out of a contract. The "test to be applied in determining whether the 'arising out of contract'

> language of A.R.S. § 12–341.01 is applicable is whether the 'action in tort could not exist but for the breach of the contract.'" *Cauble v. Osselaer*, 150 Ariz. 256, 260, 722 P.2d 983 (App.1986) (quoting *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127 (1982)).

*Id*. at *1.

Thus, while generally under Arizona law, attorneys' fees are not shifted to the prevailing party in tort actions, they can be recovered if the tort claim arises out of contract. Here, the parties' settlement agreement could arguably be characterized as a contract. Thus, Plaintiff's tort claim for fraud in either the inducement to enter that contract or in the execution of that contract could arise out of contract.

Alternatively, in *U.S. Fidelity & Guaranty Company v. Frohmiller*, the Arizona Supreme Court stated,

> It is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.

227 P.2d 1007, 1009 (Ariz. 1951) (internal quotation and citation omitted).

Here, like *Frohmiller*, Plaintiff is not seeking fee shifting of her attorneys' fees post-trial by the Court. Instead, she is alleging that the attorneys' fee incurred are her damages that she will prove to the jury. Further, Plaintiff has alleged that Defendant BofA's actions in failing to consider her loan modification have compelled Plaintiff into litigation with the owner of the note and the Trustee conducting the sale. As a result, for purposes of the motion to dismiss for failure to state a claim, the Court finds this to be a sufficient allegation of damages such that the Court cannot conclude that the claim is not plausible.

Accordingly, Defendant's motion to dismiss the 2012 fraud allegation will be denied.

**B. Count 2 - Covenant of Good Faith and Fair Dealing**

The parties agree that the covenant of good faith and fair dealing is implied in every contract. *See Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). Defendant further points out that there must be a contract between the parties before there can be a breach of the covenant of good faith and fair dealing. *See Norman v. State Farm Mutual Auto. Inc.*

*Co.*, 33 P.3d 530, 537 ¶ 25 (Ariz. App. 2001).

Here, Defendant BofA argues that the Deed of Trust imposes no obligation on BofA with respect to loan modification. Doc. 33 at 7. The Court is unclear if this argument is premised on the theory that the Deed of Trust has no duties on anyone as to modifications, or if this argument is that BofA is not a party to the Deed of Trust so there would be no duties on BofA specifically.

This argument dovetails with another argument made by the Defendants. Specifically, Defendants argue that the amended complaint makes no individual allegations against MERS, Countrywide Home Loans, Inc., Countrywide Financial Corp., and Deutsche Bank; thus, those Defendants should be dismissed under *Twombly*.

Regarding which Defendant is directly responsible for which act, Defendant BofA has asserted that it has the authority to modify the loan. Doc. 38 at 3. BofA also states that MERS transferred the beneficial interest in Plaintiff's Deed of Trust to Deutsche Bank in April 2012. BofA does not indicate who owns the note that the Deed of Trust secures. Thus, taking BofA's statements are true, BofA is an agent of whoever owns the note for purposes of note modification. However, on this record, the Court does not know for whom BofA is acting as an agent. BofA goes on to argue that this failure in allegation is Plaintiff's failure and justifies dismissal of these Defendants.

On this record, BofA is asserting that it is it the servicing agent for whomever owns this note (and perhaps that is Deutsche Bank consistent with the April 2012 beneficiary transfer on the Deed of Trust). Plaintiff does not know, apparently, who owns this note. Generally, the Court agrees with Defendant that a Plaintiff must plead particular claims against particular Defendants and cannot, consistent with *Twombly*, make global allegations against all Defendants as a group.

However, the application of this general rule in this case produces an untenable result. Specifically, the parties who currently have or have previously had an interest in this note, in a principal or agent capacity, have made several transfers outside of Arizona's recording system. Previously, this Court has held that MERS can act as a nominee beneficiary in some

capacities. *In re Mortgage Elec. Reg. Sys.*, 2011 WL 251453, *5 (D. Ariz. 2011) (applying Nevada law). However, the Court did not hold that all parties to the note and their agents could escape liability so long as the Plaintiff could not ascertain, as a result of Defendants' actions, who was responsible party. Thus, BofA's argument that **it** has no duties under the note, and Plaintiff's inability to obtain information other than through discovery regarding who **did** have duties under the note, means that Plaintiff has stated a plausible claim against all Defendants.[3] This ruling is without prejudice to any Defendant re-raising on summary judgment that such Defendant does not have any duties under this note.

Next, the Court returns to whether Plaintiff has sufficiently alleged a breach of the duty of good faith and fair dealing. In *Southwest Sav. And Loan Ass'n v. SunAmp Sys.*, 838 P.2d 1314, 1320 (Ariz. Ct. App. 1992), the Court stated:

> In this case, therefore, inquiry does not end with recognition that Southwest had contractual authority to freeze, and ultimately terminate, SunAmp's credit line. The question is whether the jury might reasonably have found that Southwest wrongfully exercised this power "for a reason beyond the risks" that SunAmp assumed in its loan agreement, [citation omitted] or for a reason inconsistent with SunAmp's "justified expectations,"[citation omitted]

Similarly, summarizing *Southwest*, the Arizona Court of Appeals in *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 ¶ 17 (Ariz. Ct. App. 2002) stated:

> ...a party may breach the implied covenant of good faith and fair dealing even if the express terms of the contract speak to a related subject. In *SunAmp Systems*, 172 Ariz. at 559, 838 P.2d at 1320, the court examined whether Southwest Savings wrongfully exercised its contractual authority to freeze SunAmp's credit line for a "reason inconsistent with SunAmp's 'justified expectations'" under the contract. Although the court determined that "SunAmp had no justifiable expectation that a reasonable lender would [have] act[ed] differently," *id.* at 561, 838 P.2d at 1322, the court nevertheless examined whether Southwest Savings had breached the covenant of good faith and fair dealing despite the existence of a contract term granting Southwest Savings discretion to freeze SunAmp's credit line.

---

[3] The result is bolstered by the Arizona Court of Appeals recent holding in *Steinberger v. McVey ex rel. County of Maricopa*, 2014 WL 333575, *7-8 ¶¶ 37-41 (Ariz. Ct. App. January 30, 2014), in which the Court recognized a "cause of action to avoid a trustee's sale" and held that a borrower could bring this cause of action if the borrower was in default and possessed a good faith basis to dispute the authority of an entity to conduct a trustee's sale.

Here, Plaintiff seems to have two contract theories. *See* Doc. 24 at 15-16. The first is the contract of the note that secures her Deed of Trust. The second is a verbal forbearance agreement on that note during her original modification request.[4]

Beginning with the contract that is represented by the note and Deed of Trust, based on BofA's representations in the reply, it appears BofA, as the agent for the obligee of the note, retained the authority to modify the note. Further, Plaintiff has alleged that employees of BofA told her that she would be considered for a modification. Given that it is undisputed that the note and Deed of Trust allowed for modifications, and given Plaintiff's allegations that the employees represented that Plaintiff would be considered for a modification, and the further allegation that BofA did not consider Plaintiff for a modification, the Court finds that Plaintiff has sufficiently alleged that BofA exercised its discretion under the contract (by refusing to consider Plaintiff for a modification) in a way that was inconsistent with Plaintiff's reasonable expectations. Accordingly, Plaintiff has made a sufficient allegation to survive a motion to dismiss on this claim.[5]

---

[4] In its reply, BofA suggests that Plaintiff's good faith and fair dealing claim stems from the 2012 dismissal of this lawsuit. Doc. 38 at 4. Indeed Plaintiff's response states, "Plaintiff bases her good faith and fair dealing claim on the conduct allegations that BANA misled her and her Counsel to believe that BANA desired to re-start the loan modification process when BANA asked her to dismiss her suit without prejudice." Doc. 37 at 8. However, the amended complaint does not include such an allegation in the good faith and fair dealing count of the amended complaint. Thus, the Court does not find that a claim regarding good faith and fair dealing was pleaded in the amended complaint with regard to the 2012 settlement being a third contract to which the duty of good faith and fair dealing would have attached.

[5] Further, even if this Court did not allow this claim to proceed under a covenant of good faith and fair dealing theory, the facts as alleged would still state a claim under the tort theory of a breach of the Good Samaritan rule. *See Steinberger v. McVey ex rel. County of Maricopa*, 2014 WL 333575, *9 ¶¶ 47-48 (Ariz. Ct. App. January 30, 2014) (holding that the Good Samaritan doctrine allows a person in Plaintiff's position to sue the bank if through the modification process: "1) [the bank] undertook to render services to [plaintiff] that [it] should have recognized were necessary for the protection of [plaintiff's] property, (2) [the bank's] failure to exercise reasonable care while doing so increased the risk of harm to [plaintiff], and (3) [plaintiff] was in fact harmed because of [the bank's] actions.")

Next, the Court will consider Plaintiff's alleged second contract theory, which is a verbal agreement to forbear foreclosure on the house while the bank considered Plaintiff for a modification. BofA argues this theory of a breach of the duty of good faith and fair dealing should be dismissed because, assuming such a promise to forebear was made, it violates the statute of frauds.

Plaintiff's third cause of action is for promissory estoppel. Promissory estoppel, if enforced against Defendant, is an exception to the statute of frauds in certain circumstances. *See Mullins v. S. Pac. Transp. Co.*, 851 P.2d 839, 841 (Ariz. Ct. App. 1992) (promissory estoppel can overcome a statute of frauds defense, if "the party asserting the Statute of Frauds defense has misrepresented that the statute's requirements have been met or promises to put the agreement in writing"). To state a claim for promissory estoppel, Plaintiff must show: (1) Defendant made a promise to Plaintiff; (2) Defendant should have reasonably foreseen that Plaintiff would rely on that promise; (3) Plaintiff actually relied on that promise to her detriment; and (4) Plaintiff's reliance on the promise was justified. *Higginbottom v. State*, 51 P.3d 972, 977, ¶ 18 (Ariz. Ct. App. 2002).

Here, Plaintiff alleges that she was told to miss three payments on her note and then she would be considered for a modification. Plaintiff further claims that she was promised that the bank would forebear on foreclosure of her house until it resolved her modification request. Such allegation was a promise from Defendant on which reliance was foreseeable and actually occurred. Finally, Plaintiff was justified in such reliance. Thus, Plaintiff states a claim for promissory estoppel.

Next, in her amended complaint, Plaintiff alleges that Defendant agree to "process" her loan modification application. Doc. 24 at 17. Plaintiff implies that Defendant did not assert that the Statute of Frauds would bar any such application or modification. While this does not rise to the level of the affirmative second promise envisioned by *Mullins*, at the same time the Court cannot dismiss this claim because Plaintiff at least suggests that she was lead to believe that everything required for a successful modification would be completed. Accordingly, the Court will not dismiss this claim.

Further such claim overcomes Defendant's argument that Plaintiff's second theory of a breach of the covenant of good faith and fair dealing is barred by the statute of frauds. Accordingly, the motion to dismiss either of Plaintiff's theories of a breach of the covenant of good faith an fair dealing will be denied.[6]

**C. Count 3 - Promissory Estoppel**

For the reasons stated in the foregoing section, the Court will not dismiss the promissory estoppel count of the amended complaint. The Court notes that in response to the motion to dismiss, in addition to the above issues, Plaintiff also discusses Defendants' alleged promises which caused her to dismiss this suit previously. However, these facts are not alleged in her amended complaint in the section on promissory estoppel; therefore, the Court has not considered them as the factual predicate of this claim.

**D. Count 4 - Arizona Consumer Fraud Act**

Defendant argues that Plaintiff's Arizona Consumer Fraud Act claim must be dismissed because it is barred by the statute of limitations. Citing A.R.S. § 12-541(5), Defendant argues the statute of limitations is one year. Citing A.R.S. § 12-543, Plaintiff argues the statute of limitations is three years.

"A consumer fraud claim must be filed within one year after the cause of action accrues." *Steinberger v. McVey ex rel. County of Maricopa*, 2014 WL 333575, *16 ¶ 78

---

[6] BofA argues that this Court should dismiss all theories pleaded in the amended complaint regarding the duty of good faith and fair dealing because, BofA argues (citing Arizona Local Rule Civil 7.2(i)), Plaintiff did not adequately respond to BofA's arguments in her response to the motion to dismiss. The Court cannot grant a motion to dismiss under Local Rule 7.2(i) unless the Court weighs several factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.' *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, neither party has addressed these factors and the Court declines to do so sua sponte. Accordingly, assuming BofA is correct that Plaintiff did not respond to certain portions of the motion to dismiss, the Court will not grant portions of the motion to dismiss as a sanction for Plaintiff not responding.

(Ariz. Ct. App. January 30, 2014). In her amended complaint, Plaintiff alleges that the fraud that forms the basis for this claim was the bank employee's statements that she could qualify for HAMP and that she had to be 90 days delinquent on her payments. Doc. 24 at 18. Plaintiff further alleges that these statements were made in April 2009. *Id*. at 6. The complaint in this case was filed October 21, 2011. Doc. 1-1 at 8. Accordingly, this claim is barred by the one-year statute of limitations and the motion to dismiss will be granted.

**E. Count 5 - Fair Debt Collection Practices Act ("FDCPA")**

Defendant argues the FDCPA claim must be dismissed because it is barred by the one year statute of limitations. Doc. 38 at 2 (citing 15 U.S.C. § 1692k(d)). In her response, Plaintiff argues that her FDCPA claim is timely, but does not offer any reason why. Doc. 37 at 4. Plaintiff suggests her FDCPA claim is part of her state law fraud claim; however, the Court disagrees because an FDCPA claim is a distinct federal cause of action.

In her amended complaint, Plaintiff alleges two FDCPA violations. First, Plaintiff asserts that her FDCPA claim is based on the same misleading statements as her Arizona Consumer Fraud Act claim, which occurred in April of 2009. Doc. 24 at 20, ¶ 145. For the same reason as the preceding section, a claim based on these statements is barred by the one-year statute of limitations.

Second, Plaintiff asserts a violation of the FDCPA because the Defendants in this case who are attempting to collect on her note by foreclosing the property that secures the note are not the correct parties to foreclose. Doc. 24 at 20 ¶ 146. Such an allegation would span the life of the collection efforts, which continue through today. Therefore, this theory of a violation of the FDCPA is not barred by the statute of limitations.

Alternatively, Defendant BofA argues that it should be dismissed because it does not fall within the meaning of a debt collector under the FDCPA. Doc. 33 at 9. In support of this argument, Defendant cites two Arizona district court cases. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009); *Diessner v. Mort. Elec. Reg. Sys.*, 618 F.Supp.2d 1184, 1188 (D. Ariz. 2009).

However, the Eleventh Circuit has held otherwise. *See Reese v. Ellis, Painter,*

*Ratterree & Adams, LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012). The most recent Ninth Circuit Court of Appeals case on this point that the Court could locate is in accord with the Eleventh Circuit; however, in that case the bank conceded that it was a debt collector. *See Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 885 (9th Cir. 2013).

Specifically, BofA argues that under 15 U.S.C. § 1692a(6)(F)(ii) and (iii), it is exempt from the definition of a debt collector because it is either the successor in interest to the loan originator (ii) or it "obtained" this debt at a time the debt was not in default (iii). On this record, the Court cannot determine whether BofA actually qualifies for either of these exemptions.

Specifically, BofA argues that it is the successor in interest to Countrywide, and is therefore the loan originator. Doc. 33, at 9, line 22-23. However, BofA also alleges that the original beneficiary on the Deed of Trust was MERS, not Countrywide. Doc. 38 at 3, lines 23-24; Doc. 33, page 10, lines 15-16. Plaintiff alleges that BofA (as successor to Countrywide) was a servicer for Harborview 2006-Trust, not a holder of the note. Doc. 24 at 8, ¶ 53. At oral argument on April 1, 2013, counsel for BofA stated that the original loan was made by American Wholesalers (which may be a division of Countrywide). Moreover, as of April 2012, BofA argues it has no interest in this note, and is merely a servicer, because the beneficial interest in the Deed of Trust was transferred to Deutsche Bank. Doc. 38 at 3, line 22-24. Therefore, the Court cannot conclude on this record that BofA is the successor in interest to the loan originator. Thus, it is possible that 15 U.S.C. § 1692a(6)(F)(ii) does not apply and the Court cannot grant a motion to dismiss on this basis.

Next, BofA argues that it "obtained" this note in April of 2009 before it was in default. Doc. 33 at 9-10, lines 23-1. Again, while that may have be true, as of April 2012, it a appears Deutsche Bank held the beneficial interest in the Deed of Trust (the Court cannot determine if the interest in the note was also transferred), and that BofA is just the servicer. Doc. 28 at 3, lines 23-24. This transfer would have occurred after the loan was in default, potentially precluding the application of 15 U.S.C. § 1692a(6)(F)(iii).

Finally, BofA argues that Plaintiff has failed to alleged that BofA's actions involved

the collection of a debt or actual damage. Here, the Court agrees with the Eleventh Circuit that trying to collect the note that secures the deed of trust qualifies as the collection of a debt. Further, Plaintiff alleges that her credit report has been adversely impacted and that her note has been accelerated, both of which could be actual damage. Accordingly, the Court will not dismiss the FDCPA claim for failure to state a claim.[7]

## II. Motion for Clarification[8]

On March 27, 2013, this Court issued an Order reopening this case. Doc. 17. In that Order, the Court stated:

> ...Defendants have made no argument on the merits opposing relief under Rule 60(b). Thus, the Court will grant the motion as unopposed under Local Rule Civil 7.2(i), but the Court will require service under Rule 4.
>
> Alternatively, because Defendants did not respond on the merits, Plaintiff's facts are now undisputed for purposes of this motion. On this record, the Court finds that defense counsel agreeing to a settlement to reopen a modification process on a loan that no longer belonged to his client would be a fraud, misrepresentation, or misconduct by an opposing party that justifies Rule 60(b) relief.

Doc. 17 at 2-3.

In the Motion for Clarification, Defendants state:

> Defendants respectfully request that the Court clarify or modify its Order regarding the suggestion that counsel or Defendants **admitted** that they actually committed any fraud or misrepresentation by suggesting that Plaintiff dismiss this case while being considered for a loan modification. This order, respectfully, misconstrues the allegations in the Plaintiff's Opening Brief and is not supported in the law or evidence, and, with due respect, seems to exceed authority granted to this Court under Local Rule 7.2(i).

Doc. 20 at 2 (emphasis added).

---

[7] BofA filed the motion to dismiss this claim only on its own behalf and emphasized that it did not notice the Trustee sale; ReconTrust Company N.A. did. Doc. 33, at 10, lines 20-23. Another Court in this District has held that the Trust company might be liable as a debt collector under the FDCPA. *See O'Quin v. Bank of America, N.A.*, CV-12-744-PHX-ROS, 4-7 (D. Ariz. Sept. 10, 2012). Accordingly, the Court will not dismiss any Defendants from this claim because the Court cannot deduce the full relationship of the parties.

[8] BofA requested oral argument on this motion. Because both parties argued it on April 1, 2013, the Court has not set a second oral argument.

To the extent Defendants argue that this Court may not reach an alternative holding when the Court issues a ruling under Local Rule Civil 7.2(i), the Court denies "clarification" on this point as the Order speaks for itself. Next, to the extent Defendants seek clarification that Defendants did not admit that they committed fraud, again the Court believes the Order speaks for itself. Nonetheless, the Court clarifies that the Court did not find that Defendants or their Counsel admitted to any fraud.

## III. Conclusion

**IT IS ORDERED** that the motion to dismiss (Doc. 33) is granted in part and denied in part. The motion to dismiss count 4 (the Arizona Consumer Fraud Act claim) is granted. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the motion for clarification (Doc. 20) is granted in part and denied in part as specified above.

DATED this 24th day of February, 2014.

James A. Teilborg
Senior United States District Judge